Defendant-appellant Lazaro Correa-Castillo appeals in this delayed appeal from his plea bargain guilty plea convictions. He contends that the trial court failed to ensure that he subjectively understood that his pleas were knowingly, voluntarily and intelligently made.
Defendant was indicted in the case at bar, No. CR-329125, with one count of kidnapping, four counts of felonious assault, and one count of child endangering. The charges arose out of an incident in which he broke a beer bottle on his girlfriend's head, kidnapped his infant son, and stabbed the good samaritans who rescued his son. The incident culminated in a stand-off for several hours before defendant surrendered to the police.
Defendant retained counsel and the court ordered the appointment of a Spanish language interpreter at public expense. During the course of his pretrial detention, defendant escaped from the jail facility and aided others who attempted to escape. He was thereafter charged in Case No. CR-330279 with one count of escape, two counts of complicity to escape, one count of aiding and abetting an escape, one count of vandalism, and one count of possession of criminal tools.
When defendant's retained counsel withdrew from representing him, the trial court appointed substitute counsel at public expense. At the final pretrial, defendant appeared with his appointed counsel and interpreter Bernardita Rojas to enter into guilty pleas in the two cases pursuant to a plea bargain. In Case No. CR-329125, defendant agreed to plead guilty to one count of kidnapping, one count of felonious assault, two lesser counts of aggravated assault, and one count of child endangering. In Case No. CR-330279 defendant agreed to plead guilty to one count of escape. The remaining six charges in the two cases were dismissed and the matter was scheduled for sentencing.
Defendant appeared at sentencing with appointed counsel and the interpreter. He made no request to withdraw his guilty pleas or state that he did not understand the proceedings. He was thereafter sentenced as appears of record. Defendant, through newly appointed appellate counsel, filed this delayed appeal, raising the following sole assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER THE DEFENDANT KNOWINGLY AND VOLUNTARILY WAIVED HIS RIGHTS PURSUANT TO OHIO CRIMINAL RULE 11(C)(2).
This assignment lacks merit.
Defendant contends the trial court did not ensure that he subjectively understood that his guilty pleas were entered into knowingly, voluntarily, and intelligently. He does not dispute that the trial court mentioned each and every single right mentioned in Crim.R. 11, but merely argues the trial court failed to adequately determine that he subjectively understood them.
The guilty plea transcript reveals that defendant was only one of several who pled guilty. The prosecutor recited in English the plea agreement concerning the charges against defendant. (Tr. 12.) In response to the trial court directly asking defendant whether he understood what the prosecutor had said defendant answered, yes. Asked further whether he had any questions about it, defendant responded, no. (Tr. 13.) Asked again whether he understood everything that had transpired, defendant again answered, yes. (Tr. 15.)
The trial judge originally asked defendant to sit down so that he could proceed with the pleas of the other defendants, but defendant continued to participate in the English language dialogue. The trial court recited all defendant's rights and defendant affirmatively responded when the court asked whether he understood that a guilty plea waived all of them. (Tr. 18-21.) Defendant responded negatively when asked whether any threats had been made against him and said yes when asked whether he was satisfied with the representation provided by his attorney. (Tr. 22-23.)
Before proceeding with defendant's plea, the court stated for the record that defense counsel was "somewhat fluent" with Spanish. Defendant responded negatively through his interpreter, when asked whether he had any trouble communicating with his attorney or interpreter and said yes when the judge asked defendant whether he was able to understand what was involved. (Tr. 39.) The trial court expressly stated it wanted to ensure that defendant understood the proceedings and that defendant should stop and ask questions if he had any. To this, defendant said, "okay." (Tr. 39-40.) The court explained the potential penalties for each charge. When asked whether it was clear what the maximum penalty was defendant responded, yes. (Tr. 40-42.)
Before obtaining a factual basis for the pleas, defendant said yes when asked whether he knowingly and voluntarily of his own free will was going to make his pleas. (Tr. 43-44.) Moreover, the interpreter translated the prosecutor's statement of the supporting facts into Spanish. To each charge the court asked the defendant what his plea was, and to each charge and defendant responded, "guilty." (Tr. 46-51.) The court found defendant guilty of each offense to which he pled guilty.
During the sentencing hearing six weeks thereafter, defendant appeared with his appointed counsel and the same interpreter. Defendant again responded affirmatively when asked whether he understood everything that had been said up to this point. (Tr. 61.) He made no motion to withdraw his guilty pleas before or after sentencing and did not challenge them until this delayed appeal by newly appointed appellate counsel.
The factual issue as to whether a defendant subjectively understands the proceedings is present in every case regardless of whether an interpreter is involved. In State v. Flint
(1986), 36 Ohio App.3d 4, 7, this court stated as follows:
 * * * there is no easy or exact way to make such a determination, i.e., to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. In this case, we must determine whether defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case.
Id. at 7, quoting State v. Carter (1979), 60 Ohio St.2d 34, 38
(Emphasis in original, citation omitted.)
The record contains sufficient information for the trial judge to reasonably conclude, based on the totality of the circumstances, that defendant entered his guilty pleas knowingly, voluntarily, and intelligently. In a case involving strikingly similar circumstances, we rejected the precise argument made by defendant. State v. Mejia (Sept. 3, 1988), Cuyahoga App. No. 72716, unreported.
In the case at bar, defendant's appointed counsel spoke some Spanish. More importantly, he had an interpreter. He agreed, moreover, that he had no problem communicating with his defense team.
On three occasions defendant agreed that he understood everything. He never asked any questions despite being told to do so if he had any. He specifically concurred that no threats of any kind had been made against him. Defendant agreed that he knowingly, voluntarily, and of his own free will, entered the guilty pleas. He made no request to the trial court to withdraw his guilty pleas and did not challenge them until years later in this direct appeal after the appointment of new appellate counsel. We further observe from the varying form of defendant's answers (that is, "yes," "no," "okay," and "guilty") that defendant was able to discern differences in the questions. Finally, we note the negotiated plea bargain substantially reduced the potential punishment defendant faced by dismissing half the charges and reducing others to which he pled. Under the circumstances, the evidence overwhelmingly supported the trial court's findings and defendant has not shown any error.
Accordingly, defendant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ ANN DYKE, PRESIDING JUDGE
 _______________________________ DIANE KARPINSKI, JUDGE
 _______________________________ MICHAEL J. CORRIGAN, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).